GAJARSA, Circuit Judge,
dissenting.
I respectfully dissent from the majority’s decision to uphold the “extraordinary and drastic remedy” of a preliminary injunction because, in my judgment, CellzDirect, Inc. and Invitrogen Corporation (collectively, “LTC”) raised a substantial question as to the validity of U.S. Patent No. 7,604,929 (the “'929 patent”). The grant or denial of a preliminary injunction is within the broad discretion of the district court. In this case, however, the district court committed legal error in granting the preliminary injunction. The district court’s obviousness analysis was legally deficient, and it erroneously held LTC to a clear and convincing standard of proof regarding the '929 patent’s invalidity. By affirming the injunction, the majority perpetuates these errors and reinvigorates the pre-AST? standard for obviousness, rigidly requiring an explicit teaching, suggestion, or motivation for multi-cryopreserving hepatocytes. Majority Op. at 928.
I.
Claim 1 of the '929 patent reads as follows:
A method of producing a desired preparation of multi-cryopreserved hepatocytes, said hepatocytes, being capable of being frozen and thawed at least two times, and in which greater than 70% of the hepatocytes of said preparation are viable after the final thaw, said method comprising: (A) subjecting hepatocytes that have been frozen and thawed to density gradient fractionation to separate viable hepatocytes from non-viable hepatocytes, (B) recovering the separated viable hepatocytes, and (C) cryopreserving the recovered viable hepatocytes to thereby form said desired preparation of hepatocytes without requiring a density gradient step after thawing the hepatocytes for the second time, wherein the hepatocytes are not plated between the first and second cryopreservations, and wherein greater than 70% of the *933 hepatocytes of said preparation are viable after the final thaw.
929 patent col. 19 1. 56-col. 20 1. 20. The district court held that LTC had not proven that its obviousness defense had substantial merit because two limitations of the claimed invention were not present in the prior art: freezing and thawing hepatocytes a second time and making the density gradient fractionation optional after the second thaw. Celsis In Vitro, Inc. v. Cellzdirect, Inc., Case No. 10-ev-4053, Dkt. No. 94 (Sept. 7,2010).
Yet obviousness does not require that each element of the claimed invention must be present in the prior art. Indeed, the Patent Act precludes such a requirement by stating that obviousness depends on whether the “differences beUueen the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art....” 35 U.S.C. § 103(a) (2006) (emphasis added). Furthermore, this court has recognized that proof of obviousness does not require that every element be present in the prior art. See Tegal Corp. v. Tokyo Electron Am., Inc., 257 F.3d 1331, 1349 (Fed.Cir.2001) (acknowledging that the claimed invention could be obvious even if prior art did not teach one of its elements).
Moreover, all of the claimed elements were present in the prior art. Properly interpreted, the claimed invention requires three steps: (1) thawing cryopreserved hepatocytes; (2) using density gradient fractionation to separate viable and non-viable cells; and (3) refreezing and rethawing the hepatocytes. Both eryopreservation and density gradient fractionation were well known in the art at the time of the invention. See '929 patent col. 2 11. 41-54 (listing prior art references relating to eryopreservation); J.A. 2981 (Celsis Invitro, Inc.’s (“Celsis”) expert Dr. Strom testified that use of density gradient fractionation to “enhance viability” of cells is “well-established to everyone in th[e] field.”). The last “step” of the claimed invention requires nothing more than measuring the viability of cells thawed for a second time. If the cells have more than 70% viability, they meet this limitation; if they do not have 70% viability, they do not meet this limitation.
In other words, Celsis’ invention uses two known techniques, repeats them, and happens to obtain 70 percent viability of hepatocytes. This “invention” is a “patent for a combination which only unites old elements with no change in their respective functions [and] obviously withdraws what already is known into the field of its monopoly,” Great Atl. & Pac. Tea Co. v. Supermarket Equip. Corp., 340 U.S. 147, 152-153, 71 S.Ct. 127, 95 L.Ed. 162 (1950), which is a “principal reason” for finding a patent obvious. KSR Int’l. Co. v. Teleflex Inc., 550 U.S. 398, 416, 127 S.Ct. 1727, 167 L.Ed.2d 705 (2007). Repeating known steps to obtain a desired result is not inventive. Perfect Web Techs., Inc. v. InfoUSA, Inc., 587 F.3d 1324, 1330-31 (Fed.Cir.2009) (finding obvious a claimed invention that required performance of three steps known in the prior art, followed by repetition of those steps until a desired result was obtained).
The majority attempts to complicate the simplicity of the claimed invention by asserting that the art was unpredictable while simultaneously asserting that a person of ordinary skill in the art would have predicted low viability of hepatocytes that had been frozen and thawed twice. See Majority Op. at 928. The majority cannot have it both ways. To the extent the art was unpredictable — an issue on which the district court was silent — this alone does not require a holding that the invention is *934 not obvious. See Pfizer, Inc. v. Apotex, Inc., 480 F.3d 1348, 1364 (Fed.Cir.2007) (“[0]bviousness cannot be avoided simply by a showing of some degree of unpredictability in the art so long as there was a reasonable probability of success.”).
The majority also faults LTC for failing to point out an explicit teaching, suggestion, or motivation to multi-cryopreserve hepatocytes.[1] Majority Op. at 928. This is directly contrary to the Supreme Court’s opinion in KSR, which the majority fails to recognize. KSR explicitly rejected the rigid application of the teaching-suggestion-motivation test, explaining that “the analysis need not seek out precise teachings directed to the specific subject matter of the challenged claim, for a court can take account of the inferences and creative steps that a person of ordinary skill in the art would employ.” 550 U.S. at 418, 127 S.Ct. 1727. The majority fails to follow KSR’s mandate in deciding that LTC’s obviousness defense lacked substantial merit.
Under the flexible approach of KSR, there is a substantial question of obviousness concerning the '929 patent. The patent spells out clearly — as does Celsis’ brief — that there was a need in the art to multi-cryopreserve hepatocytes. The basic approach to determine whether hepatocytes could be frozen multiple times and remain viable was simply to pursue it. Celsis did and found that the hepatocytes were viable. This process is not entitled to be deemed an invention. See KSR, 550 U.S. at 421, 127 S.Ct. 1727 (“When there is a design need or market pressure to solve a problem and there are a finite number of identified, predictable solutions, a person of ordinary skill in the art has good reason to pursue the known options within his or her technical grasp,” the invention is likely obvious.); see also Wyers v. Master Lock Co., 616 F.3d 1231, 1239 (Fed.Cir.2010) (“KSR and our later cases establish that the legal determination of obviousness may include recourse to logic, judgment, and common sense, in lieu of expert testimony.” (citations omitted)). I would thus vacate the district court’s grant of a preliminary injunction.
II.
The district court also erred in failing to appreciate that to avoid a preliminary injunction, LTC needed only to offer proof that the '929 patent was vulnerable, as opposed to clear and convincing evidence of its invalidity. As the patentee, Celsis bears the burden of proving that “in light of the presumptions and burdens that will inhere at trial on the merits,” the '929 patent will withstand LTC’s challenges to its validity. See Amazon.com, Inc. v. Barnesandnoble.com, Inc., 239 F.3d 1343, 1350 (Fed.Cir.2001). Thus, if LTC raises a substantial question as to the '929 patent’s validity, the preliminary injunction should not issue. Id. at 1350-51. See also Genentech, Inc. v. Novo Nordisk A/S, 108 F.3d 1361, 1364 (Fed.Cir.1997) (“[WJith regard to [the alleged infringer’s] validity defenses, the question on appeal is whether there is substantial merit to [its] assertion that the ... patent claim [is invalid].”); Kimberly-Clark Worldwide, Inc. v. First Quality Baby Products, LLC, 431 Fed.Appx. 884, 886-87 (Fed.Cir.2011) (Prost, J.) (nonprecedential opinion) (stating the same and that “[vulnerability is the issue at the preliminary injunction stage, while validity is the issue at trial”) (citations omitted).
*935 Importantly, it is unnecessary to prove a substantial question of invalidity by clear and convincing evidence. Rather, the party challenging the patent’s validity must show that the patent is vulnerable, which “requires less proof than the clear and convincing showing necessary to establish invalidity itself.” Amazon, 239 F.3d at 1359. Here, the district court found that because LTC had not shown that every element of the claimed invention was present in the prior art, its obviousness defense lacked substantial merit. But as explained supra, this is not the standard for obviousness. Moreover, requiring the defendant to prove obviousness improperly shifts the burden to the defendant. Instead, the district court must simply decide whether it is more likely than not that the patent will be proven invalid at trial. See Titan Tire Corp. v. Case New Holland, Inc., 566 F.3d 1372, 1379-80 (Fed.Cir.2009) (“The fact that, at trial on the merits, the proof of invalidity will require clear and convincing evidence is a consideration for the judge to take into account in assessing the challenger’s case at the preliminary injunction stage; it is not an evidentiary burden to be met preliminarily by the challenger.”)
The majority affirms the district court’s erroneous analysis, stating that “LTC will have an opportunity at the merits stage to expand upon the arguments it made at the preliminary injunction stage.” Majority Op. at 928. While the present record may not present a clear and convincing case for obviousness, it certainly raises a substantial question on that issue, which the majority implicitly recognizes. By relying on the patent and admissions from Celsis’ expert, LTC demonstrated that all of the claim elements were present in the prior art. From there, based on the need for multi-cryopreserved hepatocytes, Celsis repeats the well-known steps to obtain its desired result.
CONCLUSION
In my judgment, the district court abused its discretion in finding that Celsis had demonstrated a likelihood of success on the merits because the claimed invention is nothing more than a repetition of steps already known in the art. Moreover, the majority perpetuates this error, and in so doing applies the wrong standard for obviousness and rationalizes the issuance of the preliminary injunction because it would prevent competition with a patented process which may be proven to be invalid. For these reasons, I dissent.

. The majority also claims that the failure of LTC's experts to practice the claimed invention weighs against obviousness. Of course, had LTC's experts actually practiced the claimed invention, it would be anticipated, not obvious. By failing to appreciate this distinction the majority continues to compound the error.